E-FILED

Thursday, 13 January, 2005  11:58:56 AM

Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

**FILED**

JAN 1 3 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

-------------------------------------------x

**ELAINE L. CHAO**, Secretary of Labor,
United States Department Of Labor,

                    Plaintiff,

      v.

**CINGULAR WIRELESS, LLC,**
a Delaware limited liability company,

                  Defendant.

-------------------------------------------x

Civil Action No.: 05-3009

## COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor,

brings this action to enjoin Defendant, **CINGULAR WIRELESS, LLC.**, a Delaware limited

liability company (hereinafter "Defendant"), from violating the provisions of sections 7, 11 and

15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.)(hereinafter

"the Act" or "FLSA"), and to restrain Defendant from any withholding of compensation found

by the Court to be due under the Act to employees.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act.

II.

Defendant, at all times hereinafter mentioned, maintained call center operations at the

locations listed in Exhibit 1 attached hereto, including at 5020 Ash Grove, Springfield,

Sangamon County, Illinois, within the jurisdiction of this Court. Defendant, at all times

hereinafter mentioned, was engaged under the name and style of Cingular Wireless in the

operation of a wireless telephone and data network and in the performance of related types of activities.

III.

Defendant is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

IV.

Defendant at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V.

Defendant violated the provisions of sections 7 and 15(a)(2) of the Act, by employing its employees employed as Customer Service Representatives in the facilities identified in Exhibit 1 attached hereto, who in workweeks were engaged in commerce or in the production of goods for commerce or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for work in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed in that Defendant failed to include certain unrecorded compensable

activities performed before and after the clock-in/clock-out time as hours worked, resulting in a failure to pay for all hours worked and failure to pay for all hours worked in excess of forty (40) in a workweek at not less than one and one-half times the regular rate at which they were employed.

## VI.

Defendant, an employer subject to the provisions of the Act, violated the provisions of sections 11(c) and 15(a)(5) of the Act in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately hours worked each day and the total hours worked each workweek, including certain compensable activities performed before and after the clock-in/clock-out time.

## VII.

During the period from August 18, 2001 to January 19, 2004 at the Springfield, Illinois facility, and during the period from December 31, 2001 to January 19, 2004 at the other facilities listed in Exhibit 1, Defendant violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations at Defendant's facilities listed in Exhibit 1 and includes the restraint of any withholding of any payment of unpaid compensation found by the Court to be due to present and former employees employed by Defendant as Customer Service Representatives at facilities as listed in Exhibit 1 under the Act is authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays judgment enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the

-3-

provisions of sections 7, 11, and 15 of the Act at the facilities listed in Exhibit 1, and for such

other and further relief as may be necessary or appropriate, including the restraint of any

withholding of compensation found by the Court to be due under the Act to employees employed

as Customer Service Representatives at the facilities listed in Exhibit 1 together with interest

thereon from the date such back wages became due until the date back wages are finally paid and

costs.

HOWARD M. RADZELY
Solicitor of Labor

JOAN E. GESTRIN
Regional Solicitor

LINDA J. RINGSTAD
Attorney

P.O. Address:

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Room 844
Chicago, IL  60604
Telephone: 312-353-3668

Attorneys for ELAINE L. CHAO,
Secretary of Labor,
U.S. Department of Labor, Plaintiff

# EXHIBIT 1

## CINGULAR CALL CENTERS

| CALL CENTER | ADDRESS |
| --- | --- |
| 1. AARC - Avalon Ridge | 3100 Avalon Ridge Place, Suite 500, Norcross, GA 30071 |
| 2. Arkansas Call Center | 17000 Cantrell Road, Little Rock, AR 72223 |
| 3. Ashland Call Center | 826 East Park Drive, Grayson, KY, 41143 |
| 4. Atwater Call Center | 1910 Customer Care Way, Atwater, CA 95301 |
| 5. Baton Rouge Call Center | 4455 American Way, Baton Rouge, LA 70816 |
| 6. Cedartown Call Center | 101 Cingular Way, Cedartown, GA 30125 |
| 7. Dallas Call Center | 1801 Valley View, Farmers Branch, TX 75234 |
| 8. Fayetteville Call Center | 208 Owen Drive, Fayetteville, NC 28304 |
| 9. Jacksonville Call Center | 8171 Baymeadows Way W., Ste 20, Jacksonville FL 32256 |
| 10. Johnson City Call Center | 2612 N. Roan Street, Johnson City, TN 37601 |
| 11. Lafayette Call Center | 221 Venture Way, Lafayette, LA 70507 |
| 12. Lubbock Call Center | 2321 N. University, Lubbock TX 79415 |
| 13. Miami Call Center | 9700 S. Dixie Highway, Suite 800, Miami, FL 33156 |
| 14. Midland Call Center | 5407 Andrews Highway, Midland, TX 79706 |
| 15. Ocala Call Center | 5312 SW 6th Place, Ocala, FL 34474 |
| 16. Ocean Springs Call Center | 3051 Bienville Blvd., Oceans Springs, MS 39564 |
| 17. Oklahoma City Call Center | 9020 N. May #250, Oklahoma City, OK 73120 |
| 18. Philadelphia | 200 N. Warner Rd., King of Prussia, PA 19406 |
| 19. Pleasanton | 4420 Rosewood Blvd. Pleasanton, CA 94508 |
| 20. Rantoul Call Center | 1 Aviation Drive, Rantoul, IL 61866 |
| 21. Rosewood | 1920 Customer Care Way, Atwater CA 95301 |
| 22. Schaumburg Call Center | 1100 Woodfield Road, Suite 200, Schaumburg, IL 60173 |
| 23. Springfield Call Center | 5020 Ash Grove Road, Springfield, IL 62707 |
| 24. Tulsa Call Center | 15901 E. Skelly Drive, Tulsa, OK 74116 |
| 25. Wichita Falls Call Center | 4300 Kell Blvd., Wichita Falls, TX 76309 |