UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

---

**ELAINE L. CHAO**, Secretary of Labor,
United States Department Of Labor,

        Plaintiff,

    v.

**CINGULAR WIRELESS, LLC**,
a Delaware limited liability company,

        Defendant.

Civil Action No.: 05-3009

Judge Jeanne E. Scott

---

## FIRST AMENDED CONSENT JUDGMENT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, (hereinafter "Plaintiff"), having filed her Complaint and Defendant, **CINGULAR WIRELESS, LLC.**, a Delaware limited liability company, (hereinafter "Defendant"), hereby acknowledges receipt of a copy of the Complaint herein and waives service thereof.

Defendant expressly denies any liability for the allegations set forth in the Complaint and any wrongdoing and liability whatsoever under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA" or the "Act") and denies that any of the facts that have been or could be alleged by the Plaintiff are true.

Defendant, having appeared by counsel and having been duly advised in the premises and without admitting any allegation contained in Plaintiff's Complaint, agrees to the entry of this First Amended Consent Judgment without contest; now, therefore, upon motion of attorney for Plaintiff, and for cause shown, it is

**ORDERED, ADJUDGED, AND DECREED** that Defendant, its agents, servants, employees, and all persons in active concert or participation with them are hereby enjoined and

restrained from violating the provisions of the FLSA at the facilities identified in Exhibit 1 attached hereto in the following manner:

I.

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of its employees who are Customer Service Representatives at the facilities identified in Exhibit 1 who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rates at which he is employed or exemption from the overtime requirements of section 7 is established.

II.

Defendant shall not fail to make, keep and preserve records of its employees at the facilities identified in Exhibit 1 and of the wage, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued and from time to time amended, pursuant to section 11 (c) of the Act and found in 29 C.F.R. 516.

III.

Defendant shall not withhold the sum of $ 5,698,750, which represents the unpaid compensation hereby found to be due to the present and former employees classified as Customer Service Representatives and identified and named in Exhibit 4, and employed at the facilities identified in Exhibit 1 and made a part hereof, in the amounts set forth therein and for the period from December 31, 2001 to January 19, 2004 (except that the period for Customer Service Representatives employed at the Springfield, Illinois facility is August 18, 2001 to January 19, 2004). A separate check shall be made payable to each employee listed on Exhibit 3

in the net amount after appropriate legal deductions from the gross amount specified therein within ninety (90) days of the date of this Order.

    a.    Payment is to be made as follows:

        i.    All checks are to be sent by first class mail to the current and former employees listed on Exhibit 3 within 90 days of the date of this Order. These individual checks shall be void if they are not cashed within 180 days of the date of issuance and the face of the checks shall reflect this deadline.

        ii.    The amounts of any individual checks that have been returned to Defendant within 45 days after mailing shall be combined into one aggregate net check, made payable to the "U.S. Department of Labor – Wage and Hour Division" and delivered to: U.S. Department of Labor, Wage and Hour Division, 509 W. Capital Avenue, Suite 205, Springfield, Illinois 62704, on or before 75 days after mailing. The check containing the sum of these returned checks shall be accompanied by a letter identifying the case name as <u>Chao v. Cingular Wireless</u> and include the employer's tax identification number, as well as a list of all employees from whom money is deposited with the Plaintiff, along with their social security numbers, last-known addresses, and an itemized list of their respective deductions.

        iii.    After the individual checks become void, the amounts of any additional individual checks that have not been negotiated (beyond the returned checks discussed in subsection (ii)) shall be combined into one aggregate net check, made payable to the "U.S. Department of Labor – Wage and Hour Division" and delivered within 45 days to: U.S. Department of Labor, Wage and Hour Division, 509 W. Capital Avenue, Suite 205, Springfield, Illinois 62704. The check containing the sum of any additional unnegotiated checks shall be accompanied by a letter identifying the case name as <u>Chao v. Cingular Wireless</u> and include the

employer's tax identification number, as well as a list of all employees from whom money is deposited with the Plaintiff, along with their social security numbers, last-known addresses, and an itemized list of their respective deductions.

      b.     If there is a default in the sending of individual checks or delivery of the U.S. Department of Labor checks by over 20 days, the total remaining amount due from the Defendant will automatically become due immediately, plus an additional 10 percent of any remaining amounts due to be prorated among the employees listed on Exhibit 3 who have not yet receive their respective payments.

IV.

Plaintiff shall distribute the checks referred to in subparagraphs III(a)(ii) and (a)(iii) to the persons identified in the accompanying lists referenced thereto or to their estates, if that be necessary, and any money not so paid because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of the Court, who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

V.

Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or offer to return to the Defendant or to someone else for the Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check , or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendant discharge or in any other manner discriminate, not solicit or encourage anyone else to discriminate, against any such

employee because such employee has received or retained money due to him from the Defendant under the provisions of this judgment or the Act.

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its/his own fees and other expenses incurred by such party in connection with any state of this proceeding to date.

Dated this _____ day of _____, 2005.

_____
**JEANNE E. SCOTT**
U.S. District Court Judge

Defendant hereby consents
to the entry of this judgment
this 1st day of December, 2005.

CINGULAR WIRELESS, LLC

By: s/Rickford D. Bradley
RICKFORD D. BRADLEY
Its: Executive Vice President
    Human Resources

| s/Lisa A. Schreter | s/Linda J. Ringstad |
|---|---|
| LISA A. SCHRETER | LINDA J. RINGSTAD |
| Attorney for Defendant | Attorney for ELAINE L. CHAO |
| | Secretary of Labor, |
| | U.S. Department of Labor, Plaintiff |
| LITTLER MENDELSON, P.C. | OFFICE OF THE SOLICITOR |
| 3348 Peachtree Road N.E., | U.S. Department of Labor |
| Suite 1100 | 230 South Dearborn Street, Room 844 |
| Atlanta, GA  30326 | Chicago, IL 60604 |
| Telephone: 404-233-0330 | Telephone: 312-353-3668 |